UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

| | | |
|---|---|---|
| MARCUS DWAYNE MAYBERRY, § | | |
| Institutional ID No. 605575, § | | |
| SID No. 2558061, § | | |
| Previous TDCJ No. 561960, § | | |
| § | | |
| Plaintiff, § | | |
| § | | |
| v. § | CIVIL ACTION NO. | |
| § | 1:12-CV-152-BL | |
| LARRY ANDERSON, *et al.*, § | ECF | |
| § | | |
| § | | |
| Defendants. § | Assigned to U.S. Magistrate Judge | |

MEMORANDUM OPINION AND ORDER

Plaintiff, a state prisoner previously confined to the Robertson Unit of the Texas Department of Criminal Justice - Institutional Division ("TDCJ"), and currently confined to the Polunsky Unit, is proceeding *pro se* and *in forma pauperis*. Plaintiff filed a complaint under 42 U.S.C. § 1983 on July 9, 2012 (Doc. 1). Plaintiff indicated his consent to proceed before the United States magistrate judge pursuant to 28 U.S.C. § 636(c) (Doc. 6). This case was reassigned to the United States magistrate judge on August 16, 2012 (Doc. 11). On October 17, 2012, the court vacated the evidentiary hearing set in this matter and entered an order to complete a questionnaire to further develop the factual basis of Plaintiff's complaint. *See Watson v. Ault*, 525 F.2d 886, 892 (5th Cir. 1976) (use of questionnaire to develop the factual basis of the plaintiff's complaint); 28 U.S.C. § 1915. Plaintiff filed his response on October 24, 2012 (Doc. 12).

Plaintiff alleges that he was deprived of meaningful access to the courts in his 28 U.S.C. Section 2254 petition for writ of habeas corpus, a separate civil action.

Pursuant to 28 U.S.C. § 1915A, the court has conducted a review of Plaintiff's complaint, as supplemented by Plaintiff's response to the questionnaire. The court also takes judicial notice of Plaintiff's habeas and other civil actions and the filings therein.

## I. BACKGROUND

In his complaint, as supplemented by his response to the questionnaire, Plaintiff claims that:

1. During all times relevant to the claims, Plaintiff was confined to the Robertson Unit of TDCJ.

2. Plaintiff alleges that the Robertson Unit did not make the Anti-terrorism and Effective Death Penalty Act ("AEDPA") available at the unit until March 1997

3. Mayberry filed a petition for writ of habeas corpus, civil no. 3:97-cv-2592-G, on October 22, 1997. The habeas petition was dismissed as time barred on March 17, 1998.

4. Mayberry filed a notice of appeal and his certificate of appealability was denied.

5. Mayberry filed a petition for writ of certiorari which was denied.

6. The Findings, Conclusions, and Recommendation of the United States Magistrate Judge noted that Mayberry filed a motion under Fed. R. Civ. P. 60(b) some twelve years after judgment was rendered, although a 60(b) motion must be filed within one year of judgment.

7. The Findings also cited a case that was at the time unpublished and referred to the Fifth Circuit Court of Appeals case number as well as the Westlaw citation.

8. Mayberry was unable to obtain a copy of the case with the Westlaw citation.

9. Plaintiff argues that he was deprived of access to the courts insofar as in 1997, he was unable to get a statement from Larry Anderson indicating any grace period with regard to the statute of limitations applicable to his case, given that the unit did not receive a copy of AEDPA until March 10, 1997.

10. Plaintiff asserts that he was also deprived of access to the courts insofar as he was unable to file meaningful objections to the Findings of the court in his 1997 habeas case because he was not able to obtain a copy of the case with a Westlaw citation.

Plaintiff is seeking to have the time bar be lifted as applied in his habeas case and that he be awarded damages.

## II. ANALYSIS

In both proceedings *in forma pauperis* and civil actions brought by a prisoner against a governmental entity, officer, or employee, the court is required under 28 U.S.C. §§ 1915-1915A to dismiss the complaint or any portion of the complaint if the complaint is frivolous or malicious or fails to state a claim on which relief may be granted. These provisions thus apply to this prisoner civil rights action. *Harris v. Hegmann,* 198 F.3d 153, 156 (5th Cir. 1999). A "complaint may be dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) if it has no arguable basis in law or in fact." *Ruiz v. United States*, 160 F.3d 273, 274-75 (5th Cir. 1998). A claim has no arguable basis in law or fact if it is based on an indisputably meritless legal theory or if, after providing the plaintiff the opportunity to present additional facts when necessary, the facts alleged are clearly baseless. *Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir. 1998). The court is authorized *sua sponte* to test whether the proceeding is frivolous or malicious even before the service of process or before an answer is required to be filed. *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990); *see also* 42 U.S.C. § 1997e(c)(1). A questionnaire or evidentiary hearing may be used to assist the court in determining whether the case should be dismissed under these provisions. *See Watson v. Ault*, 525 F.2d 886, 892 (5th Cir. 1976) (use of questionnaire to develop the factual basis of the plaintiff's complaint); *Spears,* 766 F.2d 179 (use of an evidentiary hearing).

The court has reviewed Plaintiff's arguments and claims in his complaint and his response

to the Questionnaire to determine whether Plaintiff's claims present grounds for dismissal or present cognizable claims which require the Defendants to answer and the case to proceed.

Plaintiff asserted that he did not receive access to AEDPA on the unit until March 1997.

Even though the defense of limitations is an affirmative defense, which usually must be raised by defendants, the Fifth Circuit has held that the court may raise the defense *sua sponte* in an action proceeding under 28 U.S.C. § 1915. *Ali,* 892 F.2d at 440; *Burrell v. Newsome,* 883 F.2d 416, 418 (5th Cir. 1989). "Thus, where it is clear from the face of a complaint filed *in form pauperis* that the claims asserted are barred by the applicable statute of limitations, those claims are properly dismissed pursuant to § 1915(d)" *Gartrell v. Gayler,* 981 F.2d 254, 256 (5th Cir. 1993).The Supreme Court has noted that a "complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show the plaintiff is not entitled to relief. If the allegations, for example, show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim . . . ." *Jones v. Bock*, 599 U.S. 199, 215 (2007). Because there is no federal statute of limitations for § 1983 claims, federal courts apply the general personal injury limitations period and tolling provisions of the forum state. *Brown v. Nationsbank Corp*., 188 F.3d 579, 590 (5th Cir. 1999). In Texas the relevant statute of limitations is two years. *See Cooper v. Brookshire*, 70 F.3d 377, 380 n.20 (5th Cir. 1995); TEX. CIV. PRAC. & REM. CODE ANN. § 16.003(a) (Lexis 2009). Plaintiff's allegations and testimony demonstrate that his claims against Defendants Anderson, Johnson, and Hoke with regard to any delay in obtaining and providing access to AEDPA accrued more than two years prior to the date that he filed his complaint in this case. Therefore, Plaintiff's claims against Defendants arising out of the delay in allowing him access to AEDPA lack an arguable basis in law or fact and should be **DISMISSED WITH PREJUDICE AS FRIVOLOUS**.

Plaintiff argues that he was deprived of access to the courts insofar as he was unable to file appropriate objections to the Findings in his habeas case because he was unable to obtain or review a case that was cited in the opinion of the court.

It has been recognized that prisoners generally enjoy a constitutional right of access to the courts. *Johnson v. Rodriguez*, 110 F.3d 299, 310 (5th Cir. 1997) (citing *Johnson v. Avery*, 393 U.S. 483, 483-85 (1969); *Ex parte Hull*, 312 U.S. 546, 547-49 (1941)). However, this right of access for prisoners is not unlimited and encompasses only "a reasonably adequate opportunity to file nonfrivolous legal claims challenging their convictions or conditions of confinement." *Johnson*, 110 F.3d at 310-11 (citing *Lewis v. Casey*, 518 U.S. 343, 116 S. Ct. 2174, 2182 (1996)).

Plaintiff filed claims challenging his conviction. He filed another motion for relief from judgment after the Findings were adopted by the United States District Judge. He filed a motion for certificate of appealability. He filed a Notice of Appeal, a petition for writ of certiorari, and various other motions in the habeas case. Plaintiff's factual allegations, accepted as true, fail to demonstrate that he was denied a reasonably adequate opportunity to file nonfrivolous legal claims, nor do they demonstrate that Plaintiff experienced any actual harm as a result of not obtaining a copy of the case cited in the denial of his 60(b) motion. Plaintiff's allegations fail to demonstrate that his position as a litigant in a specific case, including in his habeas case, was prejudiced in any way by the alleged actions of the Defendants.

Plaintiff's allegations, accepted as true, also fail to demonstrate that Defendant Barrow deprived him of any constitutional right in replying to his grievances about the law library. Plaintiff does not "have a federally protected liberty interest in having these grievances resolved to his satisfaction." *Geiger v. Jowers*, 404 F.3d 371, 374 (5th Cir. 2005) (quoting *Orellana v. Kyle*, 65 F.3d 29, 31-32 (5th Cir. 1995) and *Sandin v. Conner*, 515 U.S. 472, 484 (1995))

The court finds that Plaintiff's allegations against the Defendants with regard to his inability to obtain a copy of a case cited in an order from the 1997 habeas proceeding lack an arguable basis in law or fact and should be **DISMISSED WITH PREJUDICE**. Plaintiff's claims against Barrow arising out of the denial or handing of his grievances also lack an arguable basis in law or fact and should be **DISMISSED WITH PREJUDICE.**

Plaintiff asserts claims against Frank Hoke and Gary Johnson with regard to his access to the courts on the Robertson and Montford Units. Plaintiff's allegations demonstrate no personal involvement by these Defendants in any constitutional deprivation.

Personal involvement is an essential element of a civil rights cause of action. *Thompson v. Steele*, 709 F. 2d 381, 382 (5th Cir. 1983). Prison officials "cannot be automatically held liable for the errors of their subordinates." *Adames v. Perez*, 331 F.3d 508, 513 (5th Cir. 2003). Supervisory officials may be held liable only if: "(i) they affirmatively participate in the acts that cause constitutional deprivations; or (ii) [they] implement unconstitutional policies that causally result in plaintiff's injury." *Mouille v. City of Live Oak, Tex.,* 977 F.2d 924, 929 (5th Cir. 1992). Vicarious liability does not apply to § 1983 claims. *Pierce v. Tex. Dep't of Crim. Justice, Institutional Div.,* 37 F. 2d 1146, 1150 (5th Cir. 1994). Plaintiff's claims against Hoke and Johnson lack an arguable basis in law or fact because of their lack of personal involvement and should be **DISMISSED WITH PREJUDICE AS FRIVOLOUS**.

### III.   CONCLUSION

The court finds that Plaintiff has failed to state a cognizable constitutional claim against any Defendant for deprivation of access to the courts.

**IT IS, THEREFORE, ORDERED** that all such claim(s) against all Defendant(s) are **DISMISSED WITH PREJUDICE AS FRIVOLOUS.**

Judgment shall be entered accordingly. This dismissal shall count as a qualifying dismissal under 28 U.S.C. § 1915(g) and *Adepegba v. Hammons*, 103 F.3d 383 (5th Cir. 1996). Dismissal of this action does not release Plaintiff or the institution where he is incarcerated from the obligation to pay any filing fee previously imposed. *See Williams v. Roberts*, 116 F.3d 1126, 1128 (5th Cir. 1997).

Any pending motions are denied.

A copy of this order shall be sent by first-class mail to all parties appearing *pro se.* Any attorney of record shall be notified electronically or by first-class mail.

**SO ORDERED**.

DATED this 20th day of November, 2012.

_____
E. SCOTT FROST
UNITED STATES MAGISTRATE JUDGE